**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br><br>  Plaintiff,<br><br>v.<br><br>Jessica Bridget Soto, et. al.,<br><br>  Defendants. | No. CR-16-00478-019-TUC-JGZ (LAB)<br><br>**REPORT AND RECOMMENDATION** |

The District Court referred this case to the Magistrate Judge for a hearing on the defendant' motion to dismiss counts 48, 49, 52, 53, 55, 56 and 57 as duplicitous. (Doc. 462). The government filed a response (Doc. 485) and defendants filed a reply (Doc. 490). The defendants, Diane Marie Arreola, Javier David Bustamante-Gaytan, Abraham Bustamante, Luis Fidel Garcia, Andrei Rene Garcia, Jessica Bridget Soto and Jorge Acosta-Licerio, argue that the counts listed above must be dismissed because they are duplicitous, in violation of Rule 8(a), Fed.R.Crim.P. The defendants claim they are charged in single counts with violating 18 U.S.C. § 554, attempt to export arms, and 22 U.S.C. § 2778[1] exporting munitions without a license, in violation of the their Sixth

---

[1] Title 22 U.S.C. § 2778 was erroneously cited as § 2278 in Doc. 462.

Amendment right to know the charges against them, as well as their Fifth Amendment protection against double jeopardy.

A hearing was held on June 1, 2017. No testimony was presented. No evidence was received. Each party presented legal argument.

**Charges:**

The defendants are charged by indictment with a forfeiture allegation and 59 counts, including Aiding and Abetting the Commission of an Offense, Conspiracy, Smuggling Goods from the United States, Engaging in the Business of Dealing Firearms Without a License, False Statements in Connection with Acquisition of Firearms, Selling or Disposing of Ammunition to an Illegal Alien, Possession of Firearms by a Convicted Felon, Possession of Ammunition by an Illegal Alien, Possession of Ammunition by a Non-Immigrant Alien, False Statement in the Record of a Federal Firearms Licensee, and False Statements.

The counts relevant to the present motion each state a date(s), and a location(s) in the District of Arizona. Each count lists specific types and amounts of ammunition and/or firearms, and concludes that the named defendants knowingly attempted to export the items from the United States:

> …knowing the same to be intended for exportation contrary to any law or regulation of the United States, to wit: Title 22, United States Code, Section 2778; Title 22, Code of Federal Regulations, Part 121.1; and Title 22 Code of Federal Regulations, Part 123.1; in violation of Title 18 United States Code, Section 554(a).

(Indictment (Doc. 1)).

**Motion to Dismiss Counts:**

The defendants argue that the government is charging them in single counts with attempting to export arms and exporting munitions without a license. They argued at the hearing that the offending counts should be dismissed and the government should present the case to a grand jury to seek a superceding indictment that charges only 18 U.S.C. § 554 and lists the guns and ammunition charged in each count. The defendants want

reference to 22 U.S.C. § 2778 removed from the indictment, claiming that it charges a completely different crime with different elements. They state that amending the indictment is improper.[2]

The Court concludes Counts 48, 49, 52, 53, 55, 56 and 57 are not duplicitous.

**DISCUSSION:**

"An indictment is duplicitous when it joins two or more distinct and separate offenses into a single count." *U.S. v. Mancuso,* 718 F.3d 780, 792 (9th Cir. 2013); Rule 8(a), Fed.R.Crim.P. The test for determining duplicity is to assess whether the indictment can be read as charging only one violation in each count. *Mancuso*, 718 F.3d at 790. If an indictment is duplicitous it interferes with a defendant's Sixth Amendment right to know the charges against him, and it compromises his Fifth Amendment protection against double jeopardy. *U.S. v. King*, 200 F.3d 1207, 1212 (9th Cir. 1999). A jury could render a guilty verdict without reaching a unanimous verdict if the indictment is duplicitous. *U.S. v. Arreola*, 467 F.3d 1153, 1161 (9th Cir. 2006).

The government's position is that the counts in question charge the named defendants with violating 18 U.S.C. § 554(a) and that an attempt to export the listed firearms and ammunition without an export license is a completed offense pursuant to § 554(a). It argues that 22 U.S.C. § 2778 and 22 CFR, Parts 121.1 and 123.1, are essential to the charges in order to provide the defendants with due process notice of what items they are accused of illegally attempting to export and why it is illegal to try to export them, which is why those statutes are listed after the phrase "to wit:".

Title 18 U.S.C. §554(a) makes it a crime to knowingly attempt to export from the United States any merchandise contrary to any law or regulation of the United States knowing that the merchandise is intended for exportation contrary to the law. Title 22

---

[2] No motion to strike surplusage was filed, although the Court would not be inclined to grant such a motion since there was no showing that citing the statutes goes beyond alleging the elements of the crime, nor that the citations allege irrelevant or immaterial information that is prejudicial or inflammatory to the defendants. Rule 7(d), Fed.R.Crim.P

U.S.C. § 2778 addresses control of arms exports and imports. It discusses licensing and registration requirements for importers and exporters of designated defense articles and sets forth punishment for criminal violations in subsection (c).

The government states that if it did not cite relevant statutes and/or regulations in each count, the defendants would not know what items the government is charging them with attempting to export and why those items are illegal to export.

The defendants respond that the government simply has to list the ammunition and firearms in each count and the defendants could figure out what statutes are applicable. The defendants argue that the jury will be confused by whether the defendants are charged with attempting to illegally export firearms and ammunition from the United States, or with exporting regulated defense articles without a license.

The Court finds that the enumerated counts are not duplicitous. They charge the named defendants with violating 18 U.S.C. § 554, and clearly specify that the defendants are charged with knowingly attempting to export the firearms and ammunition listed in each count. After the words "to wit", the statutes and regulations that make it a crime to export the particular munitions are listed in order to provide notice to the defendants of why it is illegal to attempt to export those particular items. It does not appear that the jury will be confused because of the structure and wording of the counts. Jury instructions can be crafted and given to explain precisely what the government explained during the hearing. The defendants are charged in the enumerated counts only with violating 18 U.S.C. § 554.

**RECOMMENDATION:**

In view of the foregoing, it is recommended that, after its independent review of the record, the District Court DENY the motion to dismiss counts. (Doc. 462)

Defense counsel may serve and file written objections within 14 days. If objections are not timely filed, the party's right to de novo review may be waived. No

reply to objections shall be filed unless leave is granted from the District Court.

The Clerk of the Court is directed to send a copy of this Report and Recommendation to all parties.

DATED this 12th day of June, 2017.

_Leslie A. Bowman_
Leslie A. Bowman
United States Magistrate Judge